UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN B. DONOVAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Cause No. 1:09-cv-275-WTL-TAB |
| COURTNEY L. BISHOP, | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON THIRD PARTY MOTION TO DISMISS

Before the Court is a Motion to Dismiss (Docket No. 94) filed by the Third Party Defendant, Dallas C. Brown. This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the motion for the reasons set forth below.

Karen Donovan is the great granddaughter of Marshall W. "Major" Taylor. Donovan filed suit against Courtney Bishop on March 4, 2009, alleging various trademark claims as well as violation of Major Taylor's rights of publicity. Donovan amended her complaint in May 2010. On July 13, 2010, Bishop filed his Answer along with several counterclaims and third party claims. Docket No. 76. Bishop named Brown as a Third Party Defendant and alleged that Brown committed abuse of process, tortiously interfered with prospective business relations, and violated section one of the Sherman Act. *See id.* Brown has now moved to dismiss Bishop's claims against him on jurisdictional grounds.[1]

A Rule 12(b)(2) motion seeks dismissal for lack of personal jurisdiction. When a

---

[1] Although Brown moves to dismiss both for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), because the Court finds his personal jurisdiction argument persuasive, the Court will not address Brown's subject matter jurisdiction argument.

defendant challenges the court's personal jurisdiction over him, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if he makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7 Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted)

Where, as here, there is no applicable federal statute providing for nationwide service of process,[2] a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. FED. R. CIV. P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause.[3] *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

---

[2] Although 15 U.S.C. § 22 provides for nationwide service of process for corporate defendants, because Brown is clearly and undisputedly not a corporation, this statutory provision does not apply.

[3] Brown erroneously asserts that a two-step analysis is required to determine whether Indiana would exercise personal jurisdiction over a defendant; in other words, the Court must first determine whether one of the provisions of Indiana Trial Rule 4.4 applies before conducting the due process analysis. This is no longer correct law. *See LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006) ("The 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. Retention of the enumerated acts found in Rule 4.4(A) serves as a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction by a court of this state."). Further, the presence of one of Rule 4.4's enumerated acts alone does not resolve the issue; rather, the due process inquiry must still take place because

2

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549. "To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed himself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice." *Id.* (citations and internal quotation marks omitted). "When the contacts with the forum state are unrelated to the subject matter of the lawsuit, general personal jurisdiction may be established if the defendant's contacts are so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter." *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006). Stated another way, for the exercise of general jurisdiction to be appropriate, Brown's contacts with Indiana "must be so extensive to be tantamount to [Brown] being constructively present in the state to such a degree that it would be fundamentally fair to require [him] to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Found.*, 338 F.3d at 787.

Brown points to the following facts, *inter alia*, in support of his argument that the Court lacks jurisdiction over him:

---

"[d]ue process limits when a state may exercise personal jurisdiction over nonresident defendants" regardless of the provisions of the state's long-arm statute. *Jennings*, 383 F.3d at 549.

- Brown is a resident of the State of South Carolina;

- Brown neither owns nor rents property in Indiana;

- Brown does not intend to travel to Indiana to attend the trial between Donovan and Bishop; and

- Brown has never had any contact with Bishop and has never done business with Bishop.

These facts would seem to demonstrate that this Court may not exercise general jurisdiction over Brown.

In response, Bishop argues that Brown "has freely traveled to the State of Indiana to provide deposition testimony in support of his daughter Karen Brown Donovan's case, and has cooperated with her attorneys (and is in fact now represented by the same attorneys)." Docket No. 97 Ex. 2 at 4. According to Bishop, Brown cannot now "complain that it is inconvenient for him to travel or participate in the current litigation with respect to the Defendant Bishop's counterclaims." *Id*. This argument confuses the issue – Brown is not moving to dismiss based on venue, he is moving to dismiss for lack of personal jurisdiction. Further, the contacts that Bishop cites – travel to Indiana to give deposition testimony and cooperation with, and representation by, Indiana attorneys – do not, in this Court's opinion, constitute minimum contacts with Indiana for jurisdictional purposes. In addition, the Court determines that permitting this suit to continue in Indiana would "offend traditional notions of fair play and substantial justice." Bishop simply has not demonstrated that Brown "purposefully availed [himself] of the privilege of conducting activities" in Indiana such that he should be subject to suit here. In short, Bishop has not satisfied his burden of demonstrating that Brown's contacts

with Indiana are sufficient to permit this Court to exercise personal jurisdiction over him in this case. Accordingly, Brown's Third Party Motion to Dismiss (Docket No. 94) is **GRANTED**.

SO ORDERED: 10/18/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

David H.E. Bursik
Attorney at Law
dheb@bursik.com

Jonathan L. Faber
McNelly Stephenson Thopy & Harrold
jlfaber@msth.com

Gregory P. Gadson
Lee Cossell Kuehn & Love LLP
ggadson@nleelaw.com

Cherry Malichi
Lee Cossell Kuehn & Love LLP
cmalichi@nleelaw.com

J. Lee McNeely
McNeely Stephenson Thopy & Harrold
jlmcneely@msth.com