UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KAREN B. DONOVAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Cause No. 1:09-cv-275-WTL-MJD |
| COURTNEY L. BISHOP, | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO RECONSIDER AND MOTIONS FOR SUMMARY JUDGMENT

Before the Court are several motions: (1) the Defendant's Motion to Alter or Amend Judgment[1] (Docket No. 109); (2) the Defendant's Motion for Summary Judgment on Count V of the Amended Complaint (Docket No. 144); and (3) the Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims (Docket No. 135).[2] All of these motions are fully briefed, and the Court being duly advised, now rules as follows.

### I. MOTION TO RECONSIDER

The Defendant moved to reconsider two portions of the Court's October 14, 2010 Entry (Docket No. 107): (1) the denial of the Defendant's motion for summary judgment on Count II and (2) the grant of the Plaintiff's motion for summary judgment on Count IV. Essentially, the Defendant argues that the Indiana Rights of Publicity Statute, IND. CODE 32-13-1 to -20, does not

---

[1] Although the Defendant captions his motion as one to alter or amend judgment, no judgment has been entered in this case. The Court assumes that the Defendant intended to file a motion to reconsider. Accordingly, the Court has treated the Defendant's motion as such.

[2] The Court is aware that Plaintiff has also filed Motion for Permanent Injunction (Docket No. 114). That motion is **TAKEN UNDER ADVISEMENT** and will be resolved at a later date.

apply retroactively; therefore, the grant of summary judgment to the Plaintiff was erroneous. Then, the Defendant asserts that because the Plaintiff's "claim for relief under Count II . . . rests entirely on her assertion that the Defendant Bishop has violated the Indiana Rights of Publicity Statute" and because "the Defendant Bishop believes that he has demonstrated . . . that he cannot be in violation of the Indiana Rights of Publicity Statute," summary judgment should be granted in his favor on Count II.

Having read the parties briefs, the Court now **DENIES** the Defendant's motion. The Defendant has not raised any argument that the Court did not consider in reaching its original decision, nor has the Defendant demonstrated to the Court that the original ruling was in error.

## II. MOTION FOR SUMMARY JUDGMENT ON COUNT V

### A. Summary judgment standard.

Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence

of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

**B.     Background.**

The facts of this case were previously set forth in the Court's October 14, 2010 Entry. Instead of re-stating them, the Court merely incorporates them as if they were fully set forth herein.

The Court's October 14 Entry granted the Defendant's motion for summary judgment on Counts I and III, denied the Defendant's motion as to Counts II and IV, granted the Plaintiff's motion for summary judgment as to Count IV, and denied the Plaintiff's motion as to Counts V and VI.  Subsequently, the Defendant requested and received leave to file a motion for summary judgment as to Count V.  *See* Docket Nos. 112 & 130.  This motion is now ripe for ruling.

**C.     Discussion.**

Count V of the Plaintiff's Amended Complaint seeks cancellation of the Defendant's MAJOR TAYLOR trademark registration "based on fraud in declaration of use."  Amend. Compl. at 6.

Under 15 U.S.C. § 1064(3), "any person who believes that he is or will be damaged . . . by the registration of a mark on the principal register" can file a petition to cancel the mark's registration at any time if the mark's registration was obtained fraudulently.  The Court of Appeals for the Federal Circuit has explained that "'[f]raud in procuring a trademark registration . . . occurs when an applicant knowingly makes false, material representations of fact in connection with his application.'"  *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 48 (Fed. Cir. 1986)).  "A party seeking

cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof." *Id*. (citation omitted). "'[T]he very nature of the charge of fraud requires that it be proven to the hilt with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party.'" *Id*. (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 U.S.P.Q. (BNA) 1033, 1044 (T.T.A.B. 1981)).

Because an applicant only has the duty to avoid making knowingly inaccurate or knowingly misleading statements, "absent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation." *Id*. "[T]here is 'a material legal distinction between a false representation and a fraudulent one, the latter involving an intent to deceive, whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent omission, or the like.'" *Id*. (quoting *Kemin Indus., Inc. v. Watkins Prods., Inc.*, 192 U.S.P.Q. (BNA) 327, 329 (T.T.A.B. 1976)). "In other words, deception must be willful to constitute fraud." *Id*. "'[M]ere negligence is not sufficient to infer fraud or dishonesty.'" *Id*. at 1244 (quoting *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1582 (Fed. Cir. 1991)). Even gross negligence is not enough. *See id.*

The Defendant's motion for summary judgment alleges that "nothing in the record establishes that Bishop acted with willful intent to deceive the TTAB." Docket No. 145 at 2. According to the Defendant, "[b]ecause Donovan has not shown that Bishop's statements were *knowingly* inaccurate, she has not satisfied the stringent *Bose* standard." *Id.*

In response, the Plaintiff identifies four alleged instances of fraud: (1) the Defendant's statement that he used the '247 trademark for insurance underwriting services in interstate commerce as of June 1, 2002, Docket No. 132 at 2; (2) the Defendant's statement that he used

4

the '896 trademark for bicycles as of April 1, 1996, *id.*; (3) the Defendant's statement that he used the '896 trademark for bicycle equipment as of April 1, 1996, *id.*; and (4) the Defendant's statement that he used the '896 trademark for shoes as of April 1, 1996. *Id*. at 3.

Although the Plaintiff claims that the Defendant's deposition testimony shows that the Defendant misled the Trademark Trial and Appeal Board ("TTAB"), none of the Plaintiff's evidence establishes the critical fact – that the Defendant acted with willful intent to deceive the TTAB. Even though the Defendant's statements may have been false, the Plaintiff has not introduced any evidence indicating that they were *knowingly* false. Absent the requisite intent to mislead, the Defendant's misrepresentations do not qualify as fraud. Although it is harsh, summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wis. Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999). Because the Plaintiff has not done so, the Defendant's motion for summary judgment as to Count V must be **GRANTED**.

### III.  MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS

**A.     Summary judgment standard.**

The Court previously set out the standard for summary judgment under FED. R. CIV. P. 56(a) in Section II.A. Therefore, instead of reciting the standard again, the Court merely incorporates it as if it were fully set forth herein.

**B.     Background.**

After Donovan[3] filed an Amended Complaint against Bishop (Docket No. 73), Bishop

---

[3] For clarity, in this portion of the Entry, the Court will refer to the parties by their surnames. As a reminder, Donovan is the Plaintiff/Counter Defendant and Bishop is the Defendant/Counter Claimant.

filed an Amended Answer (Docket No. 76) containing three counterclaims: state law claims for abuse of process and tortious interference with a business relationship, as well as an unlawful restraint of trade claim under the Sherman Antitrust Act. The basis of these three claims is Bishop's belief that Donovan filed the instant lawsuit with "ulterior motives" including "disturbing and quashing" Bishop's rights to use his registered trademarks. *See* Docket No. 76 at 10.

A brief summary of the facts giving rise to this litigation will be helpful in understanding Bishop's allegations. Bishop owns two U.S. Trademark Registration Numbers – 2,701,247 (hereinafter "'247") and 2,791,896 (hereinafter "'896"). The '247 registration is for the mark "MAJOR TAYLOR" on "[f]inancial and insurance underwriting services pertaining to Fund Raising Associations, Foundations, Charitable not for profit organizations Covering activities held within the normal scope of operations for these organizations, namely fundraisers." Docket No. 43 at 3. The '896 registration is for the mark "MAJOR TAYLOR" on "[r]etail store and/or on-line computerized ordering services featuring bicycles, bicycle equipment, bicycle clothing, shoes, and apparel; Promoting bicycle sports, bicycle competitions and/or events of other." *Id*. Bishop obtained the '247 mark in March 25, 2003 and the '896 mark on December 9, 2003.

In 2007, Donovan petitioned the TTAB for cancellation of Bishop's marks. After the TTAB concluded that Donovan lacked standing, it dismissed her suit with prejudice. Donovan then filed suit in this Court in March 2009. In May 2009, Donovan's father, General Dallas C. Brown,[4] filed another cancellation petition with the TTAB. The TTAB ultimately stayed

---

[4] General Brown is not a party to this litigation. Any claims that Bishop purported to bring against General Brown were dismissed by this Court's October 18, 2010 Entry (Docket No. 108).

General Brown's cancellation petition. Bishop alleges that General Brown's behavior indicates that Donovan had an ulterior motive when she filed the instant lawsuit.

**C. Discussion.**

The gist of Donovan's motion is that there is absolutely no evidence whatsoever to support Bishop's counterclaims. Donovan marches through the elements of each counterclaim and specifically identifies the lack of evidence as to each element. In response, Bishop reiterates his unsupported allegations, speculating that Donovan and General Brown took vexatious action to "deny Bishop the right to use 'MAJOR TAYLOR' as a trademark." Docket No. 140 at 7. However, Bishop has not identified any evidence to support any of his counterclaims. As the Court has repeatedly noted in this case, summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wis. Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999). Bishop has simply not introduced any evidence whatsoever to support his counterclaims for abuse of process, tortious interference with a business relationship, and unlawful restraint of trade. Accordingly, Donovan's motion for summary judgment is **GRANTED** as to all of Bishop's counterclaims.

## CONCLUSION

For the foregoing reasons the Defendant's Motion to Alter or Amend Judgment (Docket No. 109) is **DENIED**. The Defendant's Motion for Summary Judgment on Count V of the Amended Complaint (Docket No. 144) is **GRANTED**. The Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaims (Docket No. 135) is also **GRANTED**.

SO ORDERED: 04/21/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

David H.E. Bursik
Attorney at Law
dheb@bursik.com

Jonathan L. Faber
McNeely Stephenson Thopy & Harrold
jlfaber@msth.com

Gregory P. Gadson
Lee Cossell Kuehn & Love LLP
ggadson@nleelaw.com

Cherry Malichi
Lee Cossell Kuehn & Love LLP
cmalichi@nleelaw.com


J. Lee McNeely
McNeely Stephenson Thopy & Harrold
jlmcneely@msth.com